IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY BLOCK,

**Plaintiff,**

v.

ILLINOIS SECRETARY OF STATE,
DEPARTMENT OF POLICE,
and MICHAEL PIPPIN,

**Defendants.**                                                     No. 09-117-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I. Introduction

On July 16, 2009 Plaintiff filed his First Amended Complaint against Defendants Illinois Secretary of State, Department of Police and Michael Pippin for his discharge from his employment with Defendant Secretary of State Department of Police. Plaintiff alleges that his discharge was a result of discrimination for his suffering from anxiety, depression, and post traumatic distress disorder as well as Crohn's disease. Plaintiff filed this five count complaint alleging that his termination was a result of discrimination and retaliation for exercising his FMLA rights. Plaintiff also alleges several violations of state law and brings a claim of tortious interference with contract against Defendant Michael Pippin. Count I was brought against the Secretary of State Department of Police pursuant to the Americans with Disabilities Act. Count II of the Complaint alleged retaliation under FMLA. Counts III and IV alleged retaliatory discharge in violation of Illinois' State Officials and Employees

Ethics Act, **5 ILCS 430/1-1 et seq.** and Illinos' Uniform Police Officers' Disciplinary Act, **50 ILCS 725/1 et seq**. Count V was brought under state law against Defendant Pippin for tortious interference with employment contract and/or business relationship.

Now before the Court are two motions to dismiss file by Defendants. Defendant Illinois Secretary of State Department of Police have filed a Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint (Doc. 26). Plaintiff has filed a response (Doc. 31) and Defendant has filed a reply (Doc. 33). Further, Defendant Michael Pippin has filed a Motion to Dismiss Count V of Plaintiff's Amended Complaint (Doc. 28). Plaintiff has filed a response to this motion as well (Doc. 32). Defendant Michael Pippin has filed a reply (Doc. 34). Based on the following, the Court **GRANTS** both motions (Docs. 26 & 28).

## II.   Discussion

### A.   Legal Standard

When ruling on a motion to dismiss for failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **Federal Rule of Civil Procedure 8.** Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive

a Rule 12(b)(6) motion. **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." **Id. at 555-56 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986))**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' **Ashcroft v. Iqbal, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557)**.

Recently, in **Iqbal**, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its **Twombly** opinion applies "for all civil actions." **Id. at ---, 129 S. Ct. at 1953**. **Iqbal** identified the "two working principles" underlying the decision in **Twombly**: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." **Id. at ---, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555-56)**. In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. **Id. at ---, 129 S. Ct. at 1950**.

**B.    Analysis**

**1.    Counts III and IV**

As to the Motion to Dismiss filed by the Illinois Secretary of State Department of Police, Defendant argues that Counts III and IV should be dismissed because the claims in Counts III and IV are barred by the Eleventh Amendment. Counts III and IV are brought pursuant to the Illinois State Officials and Employees Ethics Act, **5 ILCS 430/1 et seq.**, and the Uniform Peace Officers' Disciplinary Act, **50 ILCS 725/1 et seq.**, respectively. Defendant maintains that the State has not waived its sovereign immunity as to claims arising in federal court under those statutes. Plaintiff argues that under the express terms of the statute, the State's immunity is waived.

The Eleventh Amendment of the Constitution provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." **U.S. CONST. amend. XI.** Although not expressly stated in its terms, the Supreme Court has interpreted the provision to bar suits in federal court brought against a state by its own citizens. ***Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 20002) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974))**. The immunity also extends to state agencies as they are "arms of the state." ***Burrus v. State Lottery Commission of Indiana*, 546 F.3d**

417, 420 (7th Cir. 2008).[1]  The immunity, however, is not absolute.  ***Varner v. Illinois State University*, 226 F.3d 927, 929-30 (7th Cir. 2000).**  A suit can proceed against a state in federal court in a limited number of circumstances including: "(1) [when] a state official is sued for prospective equitable relief under ***Ex Parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed 714 (1908)**; (2) Congress abrogates the State's immunity pursuant to its powers under section 5 of the Fourteenth Amendment; or (3) the State consents and waives its immunity." ***Nelson v. Miller*, 570 F.3d 868, 883 (7th Cir. 2009)**.

Here, Plaintiff maintains that the two Illinois statutes he brings his claims under expressly waive immunity to suit in federal court.  Counts III and IV of Plaintiff's Complaint cites causes of action arising under both the State Officials and Employees Ethics Act and the Uniform Peace Officers' Disciplinary Act, both state laws.  State sovereign immunity rules apply to state law causes of action brought in federal court.  ***Van Guilder v. Glasgow*, 588 F.Supp.2d 876, 881 (N.D.Ill. 2008)**.  However, the State of Illinois has not consented to suits brought against it under either of these laws.  The Illinois State Lawsuit Immunity Act specified that "[e]xcept as provided in the Illinois Public Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made

---

[1] The parties dispute whether the Department of Police is a legal entity subject to suit, but for purposes of this argument, the Court has assumed that Plaintiff can prove that the Department is a legal entity as stated in his Complaint.

a defendant or party in any court." **745 ILCS 5/1 (2008)**. The State Officials and Employees Ethics Act provides only that "[t]he circuit courts of this State shall have jurisdiction to hear cases brought under this Article." **745 ILCS 430/15-25 (2009)**. Plaintiff points to this provision to support his position that Illinois has expressly waived its sovereign immunity. However, while Illinois might have consented to suit in its own Courts, nothing in the statute states that it has consented to suit in federal courts. *Osteen v. Henley,* **13 F.3d 221, 224 (7th Cir. 1994) ("a state can waive its sovereign immunity to suit in its own courts without thereby being deemed to have waived its Eleventh Amendment immunity to suit in federal court...");** *See also Brooks v. Ross*, **578 F.3d 574, 580 (7th Cir. 2009) (while the Illinois State Lawsuit Immunity Act constituted a partial waiver of immunity by allowing tort suits against the state to proceed in the Court of Claims, the statute did not waive sovereign immunity as to state law claims brought in federal court)**. While it appears the State of Illinois allows for a suit under the statute to be brought in Illinois courts, the statute does not address its immunity under the Eleventh Amendment. The language of the State Officials and Employees Ethics Act does not unequivocally waive its immunity to state in federal court. Therefore, the claims brought under the State Officials and Employees Ethics Act are barred by the doctrine of sovereign immunity provided in the Eleventh Amendment.

Plaintiff also argues that the Uniform Peace Officer Disciplinary Act has express language which waives its sovereign immunity. Here, Plaintiff readily admits

that the statute lacks the remedial scheme that the State Officials and Employees Ethics Act provides, but argues that the point of the statute is to provide certain due process rights to peace officers being investigated. However, the Plaintiff fails to point to any language in the statute that waives the State's sovereign immunity to suit in federal court. Further, the statute is not one of the ones listed as an exception to the State's immunity under either Section 1 and Section 1.5 of the Illinois State Lawsuit Immunity Act. **See 745 ILCS 5/1 and 745 ILCS 5/1.5.** Therefore, the statute is not an exception to the Illinois immunity provisions and Plaintiff's claim under the statute is barred by the doctrine of sovereign immunity. Accordingly, the Court **GRANTS** the Defendant's motion to dismiss as to both Counts III and IV.

### 2. Count V

Defendant Michael Pippin has also filed a motion to dismiss (Doc. 28) arguing that Count V of Plaintiff's First Amended Complaint should be dismissed because the Complaint fails to state a claim as to Plaintiff's allegation of tortious interference.

In order to sustain a claim for tortious interference with contract, a Plaintiff must show (1) the existence of a valid contract between plaintiff and a third party; (2) defendant's knowledge of that contract with a third party; (3) defendant's intentional and unjustified inducement of a breach of that contract; (4) subsequent breach of the contract by the third party as a result of defendant's inducement; and (5) damages. ***Strosberg v. Brauvin Realty Services*, 295 Ill.App.3d 17, 32, 691**

**N.E.2d 834, 845 (Ill. App. Ct. 1998);** *Voutiritsas v. Intercounty Title Co.***, 279 Ill.App.3d 170, 187, 664 N.E.2d 170, 181 (Ill. App. Ct. 1996)**.  Here, Defendant argues that Plaintiff fails to adequately plead the third element, that Defendant induced a breach of contract by the Secretary of State Department of Police.

In order to meet the third element for tortious interference with a contract, that defendant induced the third party to breach its contract, Plaintiff must show that Defendant actively participated in inducing the breach.  The element requires "some active persuasion, encouragement, or inciting that goes beyond merely providing information in a passive way." *In re: Estate of Albergo***, 275 Ill.App.3d 439, 446, 656 N.E.2d 97, 103 (Ill. App. Ct. 1995)**.  The actions also must be aimed at the third party who subsequently breaches the contract; the acts of defendant aimed at a plaintiff do not constitute inducement.  *Skopp v. First Federal Sav. of Wilmette*, 189 Ill.App.3d 440, 448, 545 N.E.2d 356, 361 (Ill. App. Ct. 1989) (**"Inducement to breach a contract involves acts aimed at third parties other than the plaintiff which causes those parties to breach a contract held by the plaintiff."**).  Here, Plaintiff has failed to plead such actions directed at the Secretary of State Department of Police.  Plaintiff's first two allegations are actions allegedly committed by Defendant towards the Plaintiff himself.  Clearly, such actions do not constitute an inducement by the Defendant to breach the contract because the actions were aimed at Plaintiff, not the Department of Police.  Further, Plaintiff alleges that Defendant made false statements to Dr. Terry M. Killian.

Although this allegation involves acts directed at a third party, Dr. Killian was not the party that Plaintiff had a contract with and, as such, Plaintiff has not alleged that Defendant's actions were aimed at a party who later breached a contract as a result of those action. Therefore, Plaintiff has failed to properly state a claim for tortious interference of a contract.

Even if Pippin's statements to Killian could form the basis for intentional interference, Pippin's statements are privileged under Illinois' doctrine of absolute privilege. Courts in Illinois have consistently held that an official of the executive branch can not be held liable for statements made by them that were in scope of their official duties. **See Williams v. Fischer, 221 Ill.App.3d 117, 118, 581 N.E.2d 744, 745 (Ill. App. Ct. 1991); Dolatowski v. Life Printing and Pub. Co., Inc., 197 Ill.App.3d 23, 28, 554 N.E.2d 692, 695 (Ill. App. Ct. 1990); Geick v. Kay, 236 Ill.App.3d 868, 876, 603 N.E.2d 121, 127 (Ill. App. Ct. 1992)**. The policy behind this doctrine allows government officials "to exercise their duties without fear of civil liability." **Dolatowski, 197 Ill.App.3d at 28-89, 554 N.E.2d at 695.** The privilege applies to almost every common law tort including tortious interference with business and cannot be overcome by proving the statements were false or that the defendant had improper motivation. **Geick, 236 Ill.App.3d at 879-80, 875, 603 N.E.2d at 129-30, 127 (citing Morton v. Hartigan, 145 Ill.App.3d 417, 426-27, 495 N.E.2d 1159, 1165 (Ill. App. Ct. 1986) (noting that the doctrine has been applied to almost every common law tort including tortious**

interference)); *Harris v. News-Sun*, 269 Ill.App.3d 648, 652, 646 N.E.2d 8, 11 (Ill. App. Ct. 1995) (privilege cannot be overcome by an improper motive and showing that the statements were false, nor can it be overcome by malice). The doctrine also extends to lower level officials. *Morton*, 145 Ill.App.3d at 425-26, 495 N.E.2d at 1164-65 (collecting cases); *Harris*, 269 Ill.App.3d 648, 646 N.E.2d 8.

In determining whether an official's statements are protected under the doctrine of absolute immunity, the focus of the inquiry is on "whether the statements made were reasonably related to [the official's] duties." *Geick*, 236 Ill.App.3d at 877, 603 N.E.2d at 128; *Williams*, 221 Ill.App.3d at 118, 581 N.E.2d at 745 (coroner's statements on a death certificate as to cause of death were wtihin scope of duties); *Harris*, 269 Ill.App.3d at 653, 646 N.E.2d at 11-12 (statements by police officer to press were within officer's duties as he served as an official spokesperson for the police). Here Defendant argues that the statements he made to Dr. Killian are privileged under the doctrine of absolute privilege. While the argument Defendant raises is an affirmative defense not normally decided at this stage of the proceedings, such a dismissal may be appropriate when a plaintiff includes in the Complaint "'facts that establish an impenetrable defense to its claims.'" *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)); *see also Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). Plaintiff has done

just that. Plaintiff's First Amended Complaint alleges that Defendant was assigned to investigate Plaintiff and as part of that investigation interrogated Plaintiff and relieved Plaintiff of his duties pending an independent medical examination (Doc. 24 ¶¶ 19-20). Plaintiff was next scheduled to meet with psychiatrist Terry M. Killian for the evaluation. Later in his Complaint, Plaintiff alleges that Defendant provided information to Dr. Killian "for purposes" of the evaluation (*Id*. at ¶ 51(c)). Plaintiff's Complaint clearly demonstrates that Defendant's communications were reasonably related to his duties as an investigator. The Complaint shows that Defendant was hired to investigate Plaintiff and as part of the evaluation ordered during the investigation, Defendant discussed Plaintiff's background and status with Dr. Killian.

Plaintiff now tries to argue that there are issues as to whether Defendant's conversations with Dr. Killian were reasonably related to his duties as an investigator or whether he injected his own personal views on the evaluation. Such an argument contradicts his own Complaint which stated that Defendant spoke with Dr. Killian "for the purposes" of the evaluation. Plaintiff's contradictory argument now, demonstrates that through his Complaint, Plaintiff has "plead himself out of court." **Tamayo, 526 F.3d at 1086 (Plaintiff pleads himself out of Court when it would be necessary for him to contradict his Complaint in order to prevail on the merits)**. Therefore, Plaintiff's allegations regarding Defendant's statements to Dr. Killian are dismissed as the statements was reasonably related to his official duties and are protected by an absolute privilege under Illinois law.

Defendant Pippin's motion to dismiss Count V (Doc. 28) is therefore **GRANTED**.

### III.  Conclusion

Accordingly, the Court **GRANTS** both Defendant Illinois Secretary of State, Department of Police (Doc. 26) and Defendant Michael Pippin's (Doc. 28) motions to dismiss.  The Court **DISMISSES with prejudice** Counts III and IV of Plaintiff's First Amended Complaint and **DISMISSES without prejudice** Count V of Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

Signed this 24th day of February, 2010.

                                                          /s/   David R Herndon
                                                          **Chief Judge**
                                                          **United States District Court**